AUDREY STRAUSS
United States Attorney for
the Southern District of New York
By: Thomas Burnett
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-1064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

             Plaintiff,

    v.

$610,210 IN UNITED STATES CURRENCY,

             Defendant-*in-rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

VERIFIED COMPLAINT FOR FORFEITURE

21 Civ.

ECF case

       Plaintiff United States of America, by its attorney, Audrey Strauss, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I.    JURISDICTION AND VENUE

       1.     This is a civil action *in rem* commenced by the United States of America seeking the forfeiture of $610,210.00 in United States currency (the "Defendant Currency") seized on December 28, 2020.  The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled

substance and all proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21 of the United States Code.

2. The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Sections 1355(b) and 1395, because acts and omission giving rise to the forfeiture took place in the Southern District of New York and the Defendant Currency was seized in the Southern District of New York.

4. The Defendant Currency is presently in the custody of the United States Customs and Border Protection.

## II.     PROBABLE CAUSE FOR FORFEITURE

5. This forfeiture action arises out of events that occurred on or about October 16, 2020. On that date, at approximately 7:50 a.m., an individual later identified as Johnny De Los Santos ("De Los Santos"), was involved in an altercation involving a firearm at a store in the Bronx, New York (the "Store"). Officers with the New York Police Department ("NYPD") reported that upon arrival at the Store, they observed De Los Santos arguing with an individual ("Victim-1") and heard Victim-1 say, in substance and in part, "I hid the gun." Victim-1 showed the NYPD Officers an office at the back of the Store, where they found a 9 mm Smith and Wesson pistol (the "Firearm") in a box. The Firearm has a silver barrel and a black handle.

6. Victim-1 told the officers, in substance and in part, that De Los Santos and two other individuals had assaulted Victim-1 in the Store; that De Los Santos had the Firearm at the time of the assault, but that Victim-1 managed to get it away from De Los Santos and hid it in the office in the back of the Store; and that the two other individuals left the Store before the officers arrived.

7. NYPD Officers reviewed the surveillance video from the Store which confirmed what Victim-1 had told them, and which depicted De Los Santos in possession of what appeared to be the same Firearm the NYPD Officers recovered in the office of the Store.

8. NYPD Officers learned that De Los Santos had previously been convicted of a drug trafficking offense. On December 5, 2012, De Los Santos pled guilty in the United States District Court in the District of Connecticut to conspiracy to possess with intent to distribute heroin and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(a)(A) and 846.

9. On or about December 4, 2020, a Sealed Complaint was sworn to before United States Magistrate Judge Katharine H. Parker, charging De Los Santos with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2, arising out of the above-described events of October 16, 2020, and issuing a warrant for the arrest of De Los Santos (the "Arrest Warrant").

10. On or about December 28, 2020, law enforcement officers went to De Los Santos' residence (the "Apartment") to execute the Arrest Warrant. De Los Santos answered the door and law enforcement officers conducted a protective sweep of portions of the Apartment. During the sweep, law enforcement officers opened a closet door and saw in plain view multiple bricks of United States currency wrapped in cellophane plastic wrap in piles, which appeared to be in multiple denominations including $100 bills, $20 bills and $5 bills, which totaled approximately $600,000 ("Seized Currency-1").

11. Law enforcement officers later performed a drug scan of a sample of Seized Currency-1, which revealed cocaine residue, which is consistent with Seized Currency-1 having been involved in narcotics transactions.

12. Also in plain view in the living room was a clear plastic bag which contained a roll of cellophane wrap and a bottle of a chemical called "L427 Super Blu Industrial Grease."

13. Individuals engaged in drug trafficking often obtain large quantities of cash from their illegal activities, typically in multiple denominations. Such individuals often wrap the currency into bricks using packaging materials like cellophane wrap and rubber bands, often coating packages of narcotics or cash from narcotics in substances like the L427 Super Blu Industrial Grease, as they believe it prevents drug sniffing dogs from detecting the scent of the narcotics through the packaging.

14. Based on records obtained from the Probation Office, as of December 1, 2020, De Los Santos was unemployed, and only occasionally worked at maintenance jobs. Seized Currency-1 appeared to be in an amount that was far larger than would be expected from a person without a steady source of legitimate income.

15. After his arrest, law enforcement agents obtained a search and seizure warrant that same day, signed by United States Magistrate Judge Sarah L. Cave ("Warrant-1"), to search the Apartment and to seize any and all evidence, fruits or instrumentalities of narcotics violations, pursuant to Title 21, United States Code, Sections 841 and 846.

16. While executing Warrant-1, agents located an additional amount of United States currency, totaling approximately $10,000, from a locked compartment behind a cabinet ("Seized Currency-2," together with Seized Currency-1, the "Defendant Currency").

17. Additionally, while executing Warrant-1, agents also found the following items in the Apartment: 1) a bundle of a white substance, which was later determined to be 24 grams of a mixture containing heroin; 2) a notebook with nicknames and large dollar amounts that

is consistent with a ledger used for purposes of tracking amounts owed and collected in connection with narcotics trafficking activities; and 3) a clear bag containing a device used to rapidly count large quantities of currency (a "Money Counting Device").

18. Also while executing Warrant-1, law enforcement officers noticed multiple pinhole cameras located throughout the apartment, including one pointing towards the hallway outside the Apartment, one pointing toward the outside of the building from a window; and one pointing toward the living room of the Apartment. A DVR machine located in the living room appeared to connect to these cameras.

19. Individuals who engage in drug trafficking operations often install surveillance systems in premises used for those operations to allow the drug traffickers to discretely monitor individuals who are approaching their location and record the activity, and to detect anyone who may be stealing money or drugs from the operation.

20. After executing Warrant-1, law enforcement officers also found two cellular telephones in the bag containing the Money Counting Device.

21. Individuals involved in narcotics trafficking often use cellular telephones to discuss and plan narcotics sales and to arrange for the distribution of narcotics and their sale proceeds. With cellphones, the subscriber's name can be concealed, the cellphone numbers can be easily changed, and they can be used to send communications using encrypted messaging services. Individuals involved in narcotics trafficking often use multiple cellphones so that should law enforcement discover one cellphone, it will not disrupt or reveal all of that individual's illegal activities.

22. Following his arrest, a grand jury sitting in the Southern District of New York returned an Indictment against De Los Santos for being a felon in possession of a firearm, in

violation of Title 18, United States Code, Sections 922(g) and 2.  The case is currently pending before Judge Gardephe.

### III.   CLAIM FOR FORFEITURE

23.   Incorporated herein are the allegations contained in paragraphs One through Twenty-two of this Complaint.

24.   Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

25.   The Defendant Currency is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
June 1, 2021

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: ______________________
Thomas Burnett
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel No. (212) 637-1064

## DECLARATION OF VERIFICATION

ELIZABETH ROMANO, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that she is a Special Agent with the United States Department of Homeland Security; that she has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of her knowledge, information and belief; and that the sources of her information and the grounds of her belief are her personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on May 31, 2021

*Elizabeth Romano*
Elizabeth Romano
Special Agent
Department of Homeland Security